## STATE EX REL. RICE v. RECORDER OF MORTGAGES

———

(July 1, 1931.   Opinion and Decree.)
(July 20, 1931.   Rehearing Refused.)
(October 6, 1931.   Writs of Certiorari and Review Refused by Supreme Court.)

———

Jas. N. Brittingham, of New Orleans, attorney for Public Administrator, plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for Harry Broadwell Rice, defendant, appellant.

MORENO, Judge ad hoc.   Both the facts and law of this case are simple and require no elaborate discussion to sustain the judgment of the lower court.

On April 1, 1920, Harry Broadwell Rice filed suit against Jean Brunnetti and the recorder of mortgages for the parish of Orleans, asking for the cancellation of a mortgage resting against the property of the plaintiff to secure the payment of a note of $1,000, dated July 21, 1914, and payable one year after date.

The plaintiff alleged that the note was made payable to his order and indorsed by him, and that in due course Brunnetti, who was a Canadian, became the owner of the note.   Shortly after the execution of the note, the World War broke out, and Brunnetti left for Canada, and on July 22, 1915, sent to the Whitney Central Trust & Savings Bank his note for the purpose of collection.   Two hundred dollars and interest was paid thereon, and the note extended for one year.   Thereafter nothing further was heard from Brunnetti, and because of his age and his nationality, it was assumed that he had gone to war, and doubtless had never come back.

Plaintiff alleged that he desired to pay the note and to have canceled the mortgage resting on his property, and a curator ad hoc was appointed to represent Brunnetti.   Contradictorily with this curator ad hoc, a judgment was rendered decreeing that upon the deposit in the registry of the court by Rice of the $800 due on the

note, with the interest, that the recorder of mortgages should cancel the mortgage resting on Rice's property. The deposit was duly made and the mortgage canceled.

The public administrator, in the course of his duties, ascertained that the clerk of the civil district court had on deposit to the account of Brunnetti the sum of $1,070, representing the principal and the accumulation of interest through the years. He provoked an administration on the ground that the estate was vacant and, in due course, prepared his final account for distribution.

The plaintiff, Rice, then took a rule on him to show why the money which had been left on deposit with the clerk of court should not be turned over to him, instead of being distributed by the public administrator. The theory upon which the rule was taken was that Rice had made the deposit with the clerk of court for the purpose of discharging the debt and to cancel the mortgage, and that the note had prescribed after five years, and that the mortgage had perempted after ten years. He, therefore, claimed that since his money had not been used to pay the note he was entitled to its return. In support of his contention, Rice cites the case of McGlouhry, wife of James G. Posey, v. Widow Julian Habans et al., 9 Orl. App. 225.

An examination of that case shows that it clearly has no reference to the facts stated here. In that case money was deposited for the purpose of discharging an obligation which was for some reason or other never discharged. The plaintiff in that case always retained title to the money and, consequently, had a right to its demand.

In this case, Mr. Rice paid the money into the registry of the court for the purpose of paying the note and canceling the mortgage, both of which things were done. By that payment his legal situation was improved and that of Brunnetti was adversely changed. By the payment which he made into the registry of the court he secured a cancellation of the mortgage which rested on his property and discharged the obligation evidenced by the note. Brunnetti, on the other hand, because of the deposit by Rice, suffered the destruction of his security, and, consequently, became entitled to the ownership of the funds deposited by Rice. It would be wholly lacking in reason to say that Mr. Rice could discharge his obligation and free his property of mortgage and yet retain ownership of the money, the payment of which was necessary to accomplish his purpose.

There, of course, can be no question that if the money had been deposited with an agent of Mr. Rice for the discharge of an obligation, and the creditor had never elected to collect his debt within the prescriptive period and the claim had prescribed, the depositor of the money would have been entitled to its return. That, of course, would have been upon the theory that he had never parted with title to the money and that the title to it would have resided in him until his debt had been discharged. Certainly, the person with whom the deposit had been made did not acquire title to the money and, consequently, could assert no right adverse to that of the depositor.

Here, however, the situation is wholly different, because immediately upon the deposit being made, the debt due to Brunnetti was discharged and the right to the cancellation of the mortgage immediately arose. Mr. Rice stands in no better posi-

tion than any other member of the public, since he parted with title to his money as soon as his debt to Brunnetti was discharged, and having no title to the money, he is naturally without a right of action to determine its disposition and, consequently, can assert no rights against the public administrator.

The judgment of the lower court is therefore affirmed.

WESTERFIELD, J., and DUNBAR, Judge ad hoc, participating.